IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Russell Frank Craig, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| James Sayer, et al., | ) | Case No. 1:22-cv-018 |
| | ) | |
| Defendants. | ) | |

Before the court are a Motion to Compel filed by Plaintiff and Motion for Protective Order filed by Defendants. (Doc. Nos. 40, 42). For the reasons set forth below, Defendant's motion (Doc. No. 42) is granted and Plaintiff's motion (Doc. No. 40) is denied without prejudice.

## I.    BACKGROUND

Plaintiff is an inmate at the North Dakota State Penitentiary. He initiated the above-captioned action pro se and in forma pauperis in January 2022. He is challenging the constitutionality of a State statute and administrative rule authorizing the use of a mortality table in calculating his parole eligibility date.

On June 8, 2022, Defendants filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(b)(1) and (c). (Doc. No. 36). They assert that Plaintiff lacks standing, that his pleadings are fatally deficient, and that his claim is otherwise barred by the doctrines of res judicata and collateral estoppel.

On June17, 2022, Plaintiff filed a Motion to Compel. (Doc. No. 40). He sought from the court an order compelling Defendants to produce the judgments of 43 inmates who are asserts are serving sentences similar to his.

1

On July 8, 2022, in response to Plaintiff's Motion to Compel, Defendants filed a Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c)(1). (Doc. No. 42). Therein they requested that the court stay discovery until after it has ruled on its Motion for Judgment on the Pleadings. Their motion has now been fully briefed and is ripe for the court's consideration.

## II.   DISCUSSION

Defendants assert that Plaintiff's Motion to Compel is improper because he has not served them with any discovery requests, complied with the requirements Fed. R. Civ. P. 37 or complied with D.N.D. Civ. L.R. 7.1. Fed. R. Civ. P. 37 provides in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). D.N.D. Civ. L.R. 37.1 provides:

> (A) OBLIGATION TO CONFER
>
> The parties may not file a discovery motion (e.g., a motion to compel discovery, motion for sanctions, or motion for protective order) until the parties have conferred, either in person or by telephone, for the purpose of making a reasonable, good faith effort to resolve the dispute without involving the court. A written demand for relief without more is not sufficient; the moving party must make a reasonable effort to confer, and the opposing party must make a reasonable effort to participate.
>
> (B) OBLIGATION FOR TELEPHONIC CONFERENCE WITH MAGISTRATE JUDGE
>
> In addition to the requirements set forth in D.N.D. Civ. L.R. 37.1(A), the parties must not file a discovery motion until the parties have participated in a telephonic conference with the assigned magistrate judge, unless otherwise ordered by the court.
>
> (C) SANCTIONS FOR NON-COMPLIANCE
>
> A party's failure to comply with the requirements of this rule may result in a summary granting or denial of the discovery motion, as appropriate, as well as an award of costs and reasonable attorney's fees.

D.N.D. Civ. L.R. 37.1.

In his response to Defendant's Motion for a Protective Order, Plaintiff concedes that his Motion to Compel is untimely. (Doc. No. 44). Rather than deny his motion, he asks the court to defer ruling on his motion pending disposition of Defendant's Motion for Judgment on the Pleadings.

By his own admission his Motion to Compel is untimely and Defendant's Motion for a Protective Order is well taken. Consequently, the court shall stay all discovery in this matter pending further order. The court is not inclined at this point to simply defer ruling on Plaintiff's Motion to Compel, however. Rather, the court, in the exercise of its discretion, is inclined to deny Plaintiff's motion with the understanding that he may renew it at a later date as the circumstances dictate.

### III. CONCLUSION

Defendant's Motion for Protective Order (Doc. No. 42) is **GRANTED**. All discovery in his case shall be staying pending further order of the court. Plaintiff's Motion to Compel (Doc. No. 40) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 6th day of September, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court